MICHELE BECKWITH
Acting United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS HENRY LOPEZ,<br><br>　　　　　　　Defendant. | CASE NO. 1:24-CR-00225-KES-BAM<br><br>STIPULATION FOR CONTINUANCE OF STATUS CONFERENCE; AND ORDER<br><br>PROPOSED DATE: April 9, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

　　　　This case is scheduled for a status conference on February 26, 2025, before United States Magistrate Judge Barbara A. McAuliffe. Since the hearing was scheduled, the government has provided discovery that the defense is still reviewing. Some of that discovery has led to potentially greater criminal liability for the defendant in another judicial district. The defense requests additional time for defense preparation and investigation. The parties also have had preliminary discussions about how the case might be resolved without a trial and would benefit from additional time to continue those discussions.

　　　　Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

1

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on February 26, 2025. Since that hearing was scheduled, the government has provided discovery that the defense is still reviewing. The defense requests additional time for defense preparation and investigation. The parties will also benefit from having time to consider how the case might best be resolved.

2. By this stipulation, the parties agree that the next court date be on April 9, 2025. The parties also agree to exclude time between February 26, 2025, and April 9, 2025, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

   a) The defense requests additional time for defense preparation and investigation. The government does not object to the continuance and joins in the request because its investigation has been continuing.

   b) Based on the above-stated findings, the ends of justice served by continuing the

2

case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      c)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from February 26, 2025, to April 9, 2025, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 19, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ David Gappa
DAVID L. GAPPA
Assistant United States Attorney

Dated: February 19, 2025

/s/ PETER JONES
PETER JONES
COUNSEL FOR
THOMAS HENRY LOPEZ

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>             v.<br><br>THOMAS HENRY LOPEZ,<br><br>                    Defendant. | CASE NO.  1:24-CR-00225-KES-BAM<br><br> FINDINGS AND ORDER<br><br>PROPOSED DATE: April 9, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

The court has reviewed and considered the stipulation filed by the parties on February 19, 2025, and also reviewed the record of this case.  For the reasons stated in the stipulation the court finds good cause for continuing the status conference from February 26, 2025 to **April 9, 2025, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. The court also finds that the time between February 26, 2025, and April 9, 2025, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations.

IT IS SO ORDERED.

Dated:   **February 20, 2025**          /s/ Barbara A. McAuliffe
                                                              UNITED STATES MAGISTRATE JUDGE

4