ERIC GRANT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS HENRY LOPEZ,<br><br>Defendant. | CASE NO. 1:24-CR-00225-KES-BAM<br><br>STIPULATION FOR CONTINUANCE OF STATUS CONFERENCE; AND ORDER<br><br>PROPOSED DATE: December 10, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is scheduled for a status conference on October 22, 2025, before United States Magistrate Judge Barbara A. McAuliffe. Since the hearing was scheduled, the parties have had discussions about how the case might be resolved without a trial and would benefit from additional time to continue those discussions. The defense would also benefit from additional time for defense preparation and investigation. Should the parties not be prepared to schedule a change of plea hearing by December 10, 2025, they will be prepared to select a trial date.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be

1

"relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, therefore stipulate as follows:

1. By previous order this matter was set for a status conference hearing on October 22, 2025. Since that hearing was scheduled, the parties have had discussions about how the case might be resolved without a trial and would benefit from additional time to continue those discussions. The defense would also benefit from additional time for defense preparation and investigation.

2. By this stipulation, the parties agree that the next court date be on December 10, 2025. The parties also agree to exclude time between October 22, 2025, and December 10, 2025, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

   a) The defense requests additional time for defense preparation and investigation. The government does not object to the continuance and joins in the request because its investigation has been continuing, and it involves conduct in a different state and judicial district. The parties believe there is a good reason to continue discussions about resolving the case without a trial, and will be prepared to schedule a trial if no change of plea hearing is scheduled

on or prior to December 10, 2025.

    b)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    c)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from October 22, 2025, through December 10, 2025, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: October 14, 2025 | ERIC GRANT<br>United States Attorney<br><br>/s/ David Gappa<br>DAVID L. GAPPA<br>Assistant United States Attorney |
| Dated: October 14, 2025 | /s/ PETER JONES<br>PETER JONES<br>COUNSEL FOR<br>THOMAS HENRY LOPEZ |

3

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>THOMAS HENRY LOPEZ,<br><br>                Defendant. | CASE NO.  1:24-CR-00225-KES-BAM<br><br>FINDINGS AND ORDER<br><br>DATE: December 10, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**FINDINGS AND ORDER**

The court has reviewed and considered the stipulation filed by the parties on October 15, 2025, and also reviewed the record of this case. For the reasons stated in the stipulation, the court finds good cause for continuing the case from October 22, 2025, to **December 10, 2025, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. The status conference scheduled for October 22, 2025, is vacated. The court also finds that the time between October 22, 2025, and December 10, 2025, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations. <u>If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.</u>

IT IS SO ORDERED.

Dated:  **October 15, 2025**           /s/ *Barbara A. McAuliffe*
                                               UNITED STATES MAGISTRATE JUDGE